# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 6, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| NAOMI ENGEL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1145V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Decision on Stipulation. |
| | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Amy A. Senerth,* Muller Brazil, LLP, Dresher, PA, for petitioner.
*Colleen Clemons Hartley,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 22, 2022, Naomi Engel ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Fees App.") (ECF No. 136). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$61,984.41**.

### I.   Procedural History

On September 15, 2016, Petitioner filed a petitioner in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on September 22, 2013, she sustained a left shoulder injury that was caused by the vaccine. Petition at Preamble (ECF No. 1). On October 5, 2021, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. (ECF Nos. 130, 131).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 22, 2022, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests reimbursement for her attorneys at Muller Brazil in the total amount of $64,687.21, representing $60,421.10 in attorneys' fees, and $4,266.11 in costs. Fees App. at 1-3. Pursuant to General Order No. 9, Petitioner warrants that she did not personally incur any costs in pursuit of this litigation. Fees App. at 2. Respondent reacted to the fees motion on March 22, 2022, indicating that "Respondent is satisfied the statutory requirements for an award for attorneys' fees and costs are met in this case" and recommends that "the court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response at 1-4 (ECF No. 137). Petitioner did not file a reply.

The matter is now ripe for adjudication.

**I.     Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

**a.  Attorneys' Fees**

Petitioner request a total of $60,421.10 for various rates of compensation for the attorneys who worked on her case, predominantly Ms. Amy A. Senerth, but also Mr. Clark Hodgson, Mr. Max Muller, and Mr. Paul Brazil, as well as eleven support staff including paralegals, a law clerk, and a medical records supervisor. Fees App. at 1. I have reviewed the requested rates and find them to be in conformance with what Muller Brazil, LLP attorneys and staff have previously been awarded for their work by myself and other special masters. *See Ditsche v. Sec'y of Health & Hum. Servs.,* No. 18-0511V, 2020 WL 1815767, at *2 (Fed. Cl. Mar. 10, 2020), *Pickard v. Sec'y of Health & Hum. Servs.,* No. 18-1470V, 2020 WL 1815768, at *2 (Fed. Cl. Mar. 10, 2020).

Petitioner requests the following rates for work of her counsel and staff:

| Attorneys | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| Amy Senerth | n/a | $225 | $233 | $250 | $275 | $300 |
| Clark Hodgson | $200 | $200 | n/a | n/a | n/a | n/a |
| Max Muller | n/a | n/a | n/a | $325 | n/a | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Paul Brazil** | $275 | $300 | $317 | $325 | n/a | n/a |

| **Staff** | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|---|---|
| **Katy Yoos** | n/a | n/a | n/a | n/a | n/a | $165 |
| **Tereza Pavlacsek** | n/a | n/a | $125 | $140 | $160 | n/a |
| **Maria Loecker** | $140 | n/a | $140 | n/a | n/a | n/a |
| **Erik Pavlacsek** | n/a | n/a | n/a | n/a | $125 | $125 |
| **Michelle Coles** | n/a | n/a | $125 | n/a | n/a | n/a |
| **Stacey Bowman** | n/a | $125 | n/a | n/a | n/a | n/a |
| **Trudy Messer** | $125 | n/a | n/a | n/a | n/a | n/a |
| **Ginny Schaffer** | n/a | n/a | $125 | $125 | n/a | n/a |
| **Karen Moyers** | $125 | n/a | n/a | n/a | n/a | n/a |
| **Megan McNicholas** | n/a | n/a | n/a | $125 | n/a | n/a |
| **Stacie Bole** | n/a | n/a | n/a | $125 | n/a | n/a |

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Ms. Senerth spent December 9, 2018, and December 11, 2018, traveling to be with the petitioner in Houston for the videoconference hearing for a total of 23.2 hours, at a rate of $233.00 per hour, totaling $5,405.60. Fees App. Ex. A. at 16-17. Since these time entries only included time spent traveling, the hourly rate will be reduced by half, to $116.50 for 23.2 hours of travel, totaling $2,702.8. Therefore, Ms. Senerth's reimbursement will be reduced by $2,702.80.

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought, minus the travel deduction explained above.

      a. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $4,266.11. This amount is comprised of acquiring medical records, court filings, flights, transportation, and hotel for Ms. Senerth to be in attendance with petitioner during a video conference hearing on December 10, 2018.

These costs are reasonable and reimbursable by the Vaccine Program, as such, petitioner is awarded the requested costs in full.

**II.    Conclusion**

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $60,421.10 |
| Attorneys' Fees Reduced: | -$2,702.80 |
| **Attorneys' Fees Awarded:** | **$57,718.30** |
| | |
| Attorneys' Costs Requested: | $4,266.11 |
| **Attorneys' Costs Awarded:** | **$4,266.11** |
| | |
| Total Attorneys' Fees and Costs Requested: | $64,687.21 |
| **Total Attorneys' Fees and Costs Awarded:** | **$61,984.41** |

**Accordingly, I award the following:**

1) a lump sum in the amount of $ 61,984.41, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Muller Brazil, LLP.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).